UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LONG BEACH COURT,<br><br>　　　　Defendant. | Case No. 25-cv-07736-JSC<br><br>**ORDER OF TRANSFER** |

Petitioner, a California prisoner proceeding without an attorney, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges the validity of Petitioner's conviction in state court in Long Beach, California. (ECF No. 1 at 2-4.)

A petition for a writ of habeas corpus made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts may be filed in either the district of confinement or the district of conviction. *See* 28 U.S.C. § 2241(d). Each of such districts shall have concurrent jurisdiction to entertain the petition; however, the district court for the district where the petition is filed may transfer the petition to the other district in the furtherance of justice. *See id.* Federal courts in California traditionally have chosen to hear petitions challenging a conviction or sentence in the district of conviction. *See Dannenberg v. Ingle*, 831 F. Supp. 767, 768 (N.D. Cal. 1993); *Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968); *see also* N.D. Cal. Habeas L.R. 2254-3(b) (mandating transfer to the district of conviction).

//

//

1 As Petitioner challenges the validity of his conviction, the proper venue for his petition is
2 the district in which he was convicted. Long Beach is in Los Angeles County, which is located
3 within the venue of the Central District of California. *See* 28 U.S.C. § 84(c). Accordingly, in the
4 interest of justice, this case is TRANSFERRED to the United States District Court for the Central
5 District of California.

6 The Clerk shall transfer this matter forthwith.

7 **IT IS SO ORDERED.**

8 Dated: October 28, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge