# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HERBERT JOHNSON,<br><br>Petitioner,<br>v.<br>LONG BEACH COURT,<br><br>Respondent. | No. 2:25-cv-10511-RGK-BFM<br><br>**ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED** |

## SUMMARY OF ORDER

Petitioner Herbert Johnson filed a habeas petition in federal court seeking relief under the Racial Justice Act. It does not appear that Johnson has exhausted his claim by presenting it to the state's highest court before filing this federal Petition. The Court therefore orders Johnson to explain why his Petition should not be dismissed. **If Johnson fails to timely respond to this order, the Court will recommend that his Petition be dismissed.**

## ORDER

Johnson is a California state prisoner currently housed in the Corcoran State Prison. (ECF 1 at 2.) He is serving a sentence of 89 years to life based on

1  his conviction under California Penal Code 261(a)(2). He filed this Petition
2  because he believes he is entitled to relief under California's Racial Justice Act.
3  (ECF 1 at 3.)

4  Rule 4 of the Rules Governing Section 2254 Cases in the United States
5  District Courts allows a district court to dismiss a petition if it "plainly appears
6  from the petition and any attached exhibits that the petitioner is not entitled to
7  relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254
8  Cases. It appears that this Petition is subject to dismissal under Rule 4 because
9  the claim it presents is not exhausted.

10  A state prisoner must exhaust state court remedies before a federal court
11  may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A);
12  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion
13  requirement, a habeas petitioner must "give the State the opportunity to pass
14  upon and correct alleged violations of its prisoners' federal rights." *Duncan v.*
15  *Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted). For a
16  petitioner in California state custody, this generally means that the petitioner
17  must have fairly presented his federal claims to the California Supreme Court.
18  *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin*
19  *v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to
20  California).

21  Here, the Petition does not reflect that Johnson has presented his claim
22  under the Racial Justice Act to any state court, let alone the California Supreme
23  Court. (ECF 1 at 5-6 (outlining the post-conviction appeals and petitions filed
24  by Petitioner).) Indeed, he states that this filing *is* his claim under the Racial
25  Justice Act, but this Court has no authority to consider his claim in the first
26  instance. As such, it appears his Petition is subject to dismissal for failure to
27  exhaust.
28

Before the Court recommends dismissal of the action on these grounds, the Court will give Johnson an opportunity to respond. Johnson is therefore **ORDERED** to show cause why the Court should not recommend dismissal of the Petition for failure to exhaust. Johnson shall file his response in writing **no later than January 5, 2026**.

**Petitioner's failure to file a timely response as ordered may result in the Court recommending that his case be dismissed for failure to exhaust, failure to present cognizable claims, and/or for failure to prosecute and to follow court orders**.

DATED: December 8, 2025

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE